(847 P.2d 1319)
. No. 67,725

STATE OF KANSAS, *Appellee,* v. RICHARD A. GASCHLER, *Appellant.*

Opinion filed December 11, 1992.

*Richard A. Gaschler,* appellant pro se.

*Roger L. Falk,* of Law Office of Roger L. Falk, P.A., of Wichita, for the appellant.

*Ricklin R. Pierce,* county attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before DAVIS, P.J., LEWIS, J., and DAVID W. KENNEDY, District Judge, assigned.

DAVIS, J.: Richard A. Gaschler appeals his convictions of driving while under the influence of alcohol and transporting an open container of liquor, in violation of K.S.A. 8-1567 and K.S.A. 41-804. He contends that the sentence imposed by the court was beyond the court's authority, that he was inadequately represented by counsel, and that the court reporter fabricated portions of the transcripts of the plea hearing and sentencing hearing. We affirm the convictions, vacate that portion of the sentence in excess of the trial court's jurisdiction, and remand for correction of the sentence imposed.

The defendant pled guilty to one count of driving while under the influence of alcohol and one count of transporting an open container of liquor. The district court imposed the following sentence: (1) 45 days in the county jail on each count, the sentences to run concurrently with each other; (2) a $200 fine on Count I, and a $100 fine on Count II, plus $110 A.S.A.P. fee; (3) completion of a level II program recommended by Crossroads; and (4) suspension of defendant's driving privileges for 180 days on each count, the suspensions to run concurrently. The trial court then suspended all but 48 hours of the jail sentence and granted the defendant two years' probation on the condition that he not possess or consume any alcohol or nonprescription controlled substances during the probationary period and that defendant further subject himself to random urinalysis as directed by the court services officer.

## The Sentence

The defendant correctly contends that the court did not have authority to suspend his driver's license for 180 days, either on the DUI conviction or on the transporting an open container of liquor violation.

K.S.A. 8-1567(d) authorizes the court to impose the following sentence for the first DUI conviction: (1) not less than 48 consecutive hours nor more than 6 months in jail or 100 hours of public service, and (b) a fine of $200 to $500, and (c) successful completion of an alcohol and drug safety education and/or treatment program. K.S.A. 8-1567(d) does not permit the court to suspend the defendant's driver's license.

The law relating to transportation of an open container of liquor does not authorize the court to suspend the defendant's driver's license for 180 days. K.S.A. 41-804(c) requires the court to suspend the defendant's driving privileges for three months. In lieu of suspension under subsection (c), K.S.A. 41-804(f) allows the court to restrict the defendant's driving privileges for a period not less than three months. Thus, the court exceeded the express statutory authorization.

We affirm the defendant's convictions, but vacate that portion of the sentence that suspended the defendant's driving privileges for 180 days. We remand to the district court, with specific

directions that the portion of the sentence suspending the defendant's driving privileges for 180 days be vacated. Otherwise, the sentence imposed by the court is affirmed.

### Adequacy of Representation

Our review of the record indicates that the defendant had at least four attorneys during the district court proceedings. He complains that he was not adequately represented, but for him to prevail upon this claim, he must show that the performance of one (or more) of his attorneys fell below an objective standard of reasonableness and that the attorney's deficient performance prejudiced him to the extent that there is a reasonable possibility that, but for the attorney's errors, the result would have been different. *Chamberlain v. State,* 236 Kan. 650, Syl. ¶ 3, 694 P.2d 468 (1985). The defendant's complaints fall into three categories: (1) Attorney Brooks' handling of the diversion agreement negotiations; (2) communication problems regarding various issues; and (3) allegations that one or more of his attorneys filed documents without defendant's consent.

According to the pro se brief, the county attorney rejected a diversion agreement because office policy prohibited diversion when the defendant's blood alcohol concentration exceeded 0.25. Defendant seems to be complaining because his attorney did not tell him that to begin with and because it took so long to get that answer. Nothing in the record suggests an unreasonable delay. Even if the delay had been unreasonable, a speedier resolution would not have resulted in a different outcome. The defendant simply would have received the "no diversion" answer more quickly. Given the county attorney's policy, defense counsel could not have affected a different outcome by handling the situation differently.

The defendant also claims that he did not have a diversion conference as provided in K.S.A. 22-2907 and that Brooks did not present the factors outlined in K.S.A. 22-2908 to the county attorney. The defendant disregards the basic provision of K.S.A. 22-2907(1) that entry into a diversion agreement is within the discretion of the prosecutor. Participation in a 22-2907 conference and consideration of the 22-2908 factors become necessary only when the prosecutor has, in his or her discretion, determined

that a diversion agreement might be appropriate. The county attorney here decided a diversion would not be appropriate because of the defendant's blood alcohol level.

The second aspect of this issue about which defendant complains is communication problems with his attorneys. Basically, the defendant claims that his attorneys made assurances that did not come true (*e.g.*, Crossroads will not require in-patient treatment) and that he had trouble reaching his attorneys when he wanted to talk with them. These complaints will be addressed with the third category because the analysis is identical. The third class of complaints concerns his counsels' performance in filing documents in the court without his review or approval.

Although, if true, this conduct undoubtedly frustrated the defendant, it does not rise to the level of ineffective assistance of counsel that would require reversal. Moreover, based on the content of and exhibits to his appellate counsel's motion to withdraw, there is a good chance that the defendant simply misunderstood his attorneys, forgot that he ever talked to his attorneys, forgot that he reviewed the documents at issue, or thought he had called his attorneys when he had not.

In summary, defendant's specific complaints about legal representation do not warrant reversal. Even assuming that all the complaints are true, the result in this case would not have been different. See *Chamberlain v. State*, 236 Kan. 650, Syl. ¶ 3.

## Court Reporter Fabrication

The defendant contends that the transcripts of his plea hearing and sentencing hearing are fraudulent fabrications "to justify the harsh and unjust sentencing that the Court handed down in this case." We find absolutely nothing in the record to support this contention.

The defendant, through his pro se brief, raises other matters. We have examined those matters carefully and find no basis for reversal of the defendant's conviction based upon his allegations. Thus, we affirm the convictions, vacate that portion of the sentence beyond the court's jurisdiction, and remand for correction of that portion of the sentence exceeding the court's authority.

Affirmed in part, vacated in part, and remanded with directions.